[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/25/99
THOMAS K. KAHN
CLERK

_____

No. 97-6047

_____

D. C. Docket No. 93-0555-AH-M

CLYDE H. FREEMAN, CHARLIE AGEE, et al.,

Plaintiffs-Appellants,

versus

CITY OF MOBILE, ALA., a municipal corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 25, 1999)**

Before BIRCH, Circuit Judge, HILL and KRAVITCH, Senior Circuit Judges.

PER CURIAM:

In this case, several dozen police officers ("Appellants") seek overtime compensation from the City of Mobile, Alabama ("City") pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA") for time spent on roll-call and other pre- and post-shift duties and overtime pay on a state law contract claim based on a 1969 Alabama law entitling policemen in Mobile County to overtime compensation for work in excess of 40 hours per week.  The district court granted summary judgment to the City on three grounds: (1) that the City was entitled to a statutory exemption under 29 U.S.C. § 207(k) ("7(k) exemption") and, thus, was not required by FLSA to pay overtime compensation for policemen who worked no more than 86 hours per 14-day pay period; (2) that the City was not liable for docking the pay of certain sergeants and lieutenants who had worked more than 86 hours in 14-day pay periods because the Department of Labor's no-docking regulation, 29 C.F.R. § 541-118(a), was invalid as applied to the City; and (3) that the state law contract law was invalid because it relied on a state statute that had been superseded by a regulation promulgated by the Mobile County Personnel Board.  On appeal, we upheld the district court's finding that the City was entitled to the 7(k) exemption, see Freeman v. City of Mobile, 146 F.3d 1292, 1297 (11th Cir. 1998) (Freeman I), but held, pursuant to Auer v. Robbins, 519 U.S. 452, 117 S. Ct. 905 (1997), that the district court erred in holding that the no-docking regulation was invalid as applied to the

2

City, see Freeman I, 146 F.3d at 1297-98. While we held that there were disputed questions of fact as to whether the City had reimbursed the improperly docked sergeants and lieutenants pursuant to the no-docking rule's "window of corrections," id. at 1298 (citing 29 C.F.R. § 541.118(a)(6)), we held the remand on that issue in abeyance pending certification of two questions on the state law contract issue to the Alabama Supreme Court. The first question certified was:

> QUESTION ONE: DOES THE MOBILE COUNTY PERSONNEL BOARD HAVE THE POWER TO REPEAL OR OTHERWISE AMEND OR SUPPLANT LOCAL ACTS PASSED BY THE ALABAMA STATE LEGISLATURE SUCH AS 1969 ALA. LOCAL ACTS 856?

If the answer to the first question was "yes," we asked the Alabama Supreme Court to answer a second, subsidiary question:

> QUESTION TWO: IF THE MOBILE COUNTY PERSONNEL BOARD HAS THE POWER TO REPEAL ACT 856, DID THE BOARD IN FACT REPEAL ACT 856 BY IMPLICATION WHEN IT ENACTED RULE 3.1(c)?

On September 10, 1999, the Alabama Supreme Court issued its opinion on the two questions.[1] The Alabama Supreme Court answered the first question as follows:

> "It is settled law that the Legislature may not constitutionally delegate its powers, whether the general power to make law or the powers

---

[1] We acknowledge our appreciation to the Supreme Court of Alabama for accepting our certification of these important issues of Alabama law. That Court's prompt and thorough response to our certification allows us to discharge our responsibility for resolution of this case while respecting the consistency and authority of Alabama law.

encompassed within that general power . . . ." Included within the Legislature's general power is "'the power to make, alter, amend and repeal laws.'" Thus, although the Legislature can delegate the power to make rules and regulations for the "purpose of carrying [the law] into practical effect and operation . . . and to secure an effective execution of the same," it cannot delegate the power to repeal, amend, or otherwise supplant an act of the Legislature. While the Legislature can certainly establish standards and authorize the Personnel Board to adopt rules within those standards, "[i]t is an entirely different thing for the Legislature to . . . authorize the creature to supersede the enactments of the creator."

Moreover, even if the Legislature could validly delegate the power to repeal, amend, or otherwise supplant an act of the Legislature, the Legislature has not attempted to do so in this case. Section IX(c) of Act 470 specifically provides that the rules adopted by the Personnel Board "may include any provisions relating to the Classified Service, not inconsistent with the laws of the state, which may be necessary or appropriate to give effect to the provisions and purposes of this Act." (Emphasis added.) The Personnel Board cannot adopt any rule contrary to Act 470 because Act 470 is the act from which the Personnel Board derives its authority. Thus, the Legislature could not – and it has not attempted to – authorize the Personnel Board to repeal, amend, or otherwise supplant an act of the Alabama Legislature.

Freeman v. City of Mobile, No. 1971847, slip op. at 4-6 (Ala. Sept. 10, 1999) (citations omitted; alterations in original). Because it answered "no" to the first question, the Alabama Supreme Court did not answer the second, supplementary question. Id. at 2 & n.1.

In light of the Alabama Supreme Court's answer to the first certified question, we VACATE the district court's grant of summary judgment to the City on the state law contract question. In accordance with our previous opinion and with the Alabama

4

Supreme Court's answer, we REMAND to the district court to consider the FLSA no-docking claims and the state law contract claims.